UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

TWANA STANLEY,

Plaintiff,

-against-

ROOSEVELT UNION FREE SCHOOL DISTRICT,
BOARD OF EDUCATION OF THE ROOSEVELT
UNION FREE SCHOOL DISTRICT
and MARNIE HAZELTON, individually and in her
official capacity as Interim Superintendent of the Roosevelt
Union Free School District,

Defendants.

-------------------------------------------------------------------------X

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JUN 21 2016   ★

LONG ISLAND OFFICE

**VERIFIED
COMPLAINT**

Jury Trial Demanded
On All Issues

**CV-16 3321**

Index No.:

**BIANCO, J.**

**TOMLINSON, M**

Plaintiff, by her attorney, Law Offices of Louis D. Stober, Jr., LLC, respectfully

alleges as follows:

## PURPOSE OF ACTION

1.     Plaintiff commences this action for the purpose of seeking appropriate

remedies and redress for violations of rights secured by Title VII of The Civil Rights Act

of 1964 ("Title VII"), 42 U.S.C. § 2000-e et seq.,  Age Discrimination in Employment

Act of 1967; the Americans with Disability Act, as amended; the 42 U.S.C. § 1983, 1985

and 1986 and Article 15 of the New York State Executive Law § 296 ("Human Rights

Law"), and under Article 78 of the Civil Practice Laws and Rules ("CPLR").

## JURISDICTION AND VENUE

2.     Plaintiff has exhausted all administrative remedies by dual filing with the

Equal Opportunity Employment Commission ("EEOC") and New York State Division of

Human Rights ("DHR").  After the EEOC conducted their investigation, they issued a

right to sue letter on March 24, 2016.  A Right to Sue Letter was received on March 28, 2016 for EEOC Charge Number 520-2016-01275. (Ex. A).

3.      This Court has original subject matter jurisdiction of this action as a Federal Question pursuant to 28 U.S.C. §§ 1331 and 1337, 42 U.S.C. § 2000-e et seq. and 42 U.S.C. § 1983, 1985 and 1986 and supplemental jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1367.

4.      Venue lies in this District in that the causes of action all arose within the Eastern District of New York, Nassau County, New York.

5.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**PARTIES**

6.      Plaintiff TWANA STANLEY (hereinafter "Stanley") is an adult individual residing in Nassau County, New York; and at all times relevant herein was an employee of Defendant ROOSEVELT UNION FREE SCHOOL DISTRICT.

7.      Defendant ROOSEVELT UNION FREE SCHOOL DISTRICT (the "District"), is a school district, existing under the laws of the State of New York, having its office at 240 Denton Street, Roosevelt, New York 11575; and at all times relevant herein was Plaintiff's employer.

8.      Defendant BOARD OF EDUCATION OF THE ROOSEVELT UNION FREE SCHOOL DISTRICT (the "Board") is the governing board of the District, having its office at 240 Denton Street, Roosevelt, New York 11575; and at all times relevant herein was a policy maker, employee, agent and/or assign of Plaintiff's employer.

9.      Defendant MARNIE HAZELTON ("Hazelton") is the Interim Superintendent of the DISTRICT and has her office at 240 Denton Street, Roosevelt, New York 11575; and at all times relevant herein was a policy maker, employee, agent and/or assign of Plaintiff's employer.

## STATEMENT OF FACTS

10. Claimant is a 46 year old female who began working for the Roosevelt Union Free School District as an Elementary teacher thirteen (13) years ago.

11. Mrs. Stanley has been most currently assigned to the Washington Rose Elementary School, and is opposed to discriminatory practices.

12. Mrs. Stanley is also a certified Special Education teacher and pursuant to State Law, the District is required to report Mrs. Stanley's Professional Development hours.

13. Prior to January of 2014, Mrs. Stanley had an unblemished record with Roosevelt Union-Free School District and has been an exemplary teacher throughout her career.

14. In December of 2013, a rumor began in the Washington Rose Elementary School that the principal, Clyde Braswell, was having an affair with a female employee of the school.

15. Mrs. Stanley did not start or foster the rumor.

16. In January of 2014, a colleague of Mrs. Stanley told her that Principal Braswell stated that Mrs. Stanley had started the rumor that he was having an affair with a female employee of the school.

17. Principal Braswell was incorrect, Mrs. Stanley did not start or spread the rumor.

18. Thereafter, Principal Braswell began a campaign of harassment and retaliation against Mrs. Stanley creating fictitious complaints, preparing wrong and false observation

comments, berating and reprimanding Mrs. Stanley for false allegations in front of Mrs. Stanley's colleagues and in meetings with the staff and many other actions including the method, manner and tone with which Principal Braswell spoke to Mrs. Stanley versus how other teachers and employees were treated.

19. As an example, Mrs. Stanley had made a timely and proper request for a personal day which was denied while a newly hired (and younger) colleague was provided coverage to leave the building and attend to personal business.

20. The actions above have been ongoing and continuous to this date.

21. An additional and egregious act that the Defendants are engaging in is the continued failure to credit Mrs. Stanley with the at least 195 Professional Development hours that she has completed which must be credited by June 30, 2016 to maintain Mrs. Stanley's Special Education Certification.

22. Mrs. Stanley has repeatedly brought the District's failure to properly credit her with the Professional Development hours but the District has failed to correct the matter.

23. Mrs. Stanley has had to document the false statements by Principal Braswell in her observations and evaluations and when confronted with the falsehood, Braswell has not changed any of his remarks.

24. Even after providing detailed rebuttals to Braswell's false observations and asking for supporting evidence to support why he gave Mrs. Stanley a "developing" in certain categories, Braswell has not changed any of the "developing" scores nor has he provided any supporting documentation for his scores.

25. On October 14, 2015, in violation of the Collective Bargaining Agreement between Roosevelt UFSD and the Teacher's Union, Principal Braswell falsely reprimanded Mrs. Stanley in front of her colleagues.

26. At a meeting between the Interim Superintendent and Mrs. Stanley regarding Braswell's conduct towards Mrs. Stanley, including his failure to credit her with Professional Development hours, Mrs. Hazelton advised Mrs. Stanley that Braswell had stated to the Superintendent that Mrs. Stanley may have forged documentation to prove attendance for a workshop dated November 12, 2014 that he had denied (without probable cause). Mrs. Stanley immediately rebutted Braswell's allegations by providing the Interim Superintendent with a copy of the sign in sheet and certification of completion from Western Suffolk BOCES proving that she had indeed attended.  Braswell has still refused to credit Mrs. Stanley with those hours.

27. These actions by Braswell have been taken in further harassment and retaliation against Mrs. Stanley for the accusations of Principal Braswell and Mrs. Stanley having reported his actions to the District Superintendent.

28. On November 18, 2015, Mrs. Stanley met with the Interim Superintendent of the District, Mrs. Hazelton to complain of the unrelenting harassment and retaliation by Principal Braswell, the false accusations by Braswell that she had started a rumor that he was having an affair with a female employee, the false allegations in subsequent observations and evaluations by Braswell, the failure to credit Professional Development hours, the public beratings and other outrageous conduct of Principal Braswell towards Mrs. Stanley.

29. Upon information and belief, Principal Braswell was forewarned of the meeting between Mrs. Stanley and Mrs. Hazelton and spread false statements about Mrs. Stanley to Mrs. Hazelton in an effort to negatively sway Mrs. Hazelton's opinions of Mrs. Stanley.

30. Mrs. Hazelton advised Mrs. Stanley, at the meeting, that she would take care of Braswell and his harassing and retaliatory conduct.

31. Despite this assurance, Braswell has not changed and continues to harass and retaliate against Mrs. Stanley.

32. As soon as November 24, 2015, Braswell continued his false rants against Mrs. Stanley in his observation of her of that date.

33. Mrs. Stanley has had to prepare a lengthy rebuttal to his November observation as he falsely put items into the developing category despite the fact he had no support for those items.

34. Principal Braswell has also falsely accused Mrs. Stanley of intimidating a new teacher based on his perception of a "snapshot" of an overheard conversation.  However, the teacher involved never reported anything to Principal Braswell and affirmatively stated she did not feel intimidated by Mrs. Stanley.

35. Rather than reducing the hostile work environment and discriminatory acts, the meeting with the Superintendent has led to Principal Braswell increasing his hostilities towards Mrs. Stanley.

36. Mrs. Stanley has submitted medical documentation including doctor notes, a copy of MRI results, and a recommendation for physical therapy instead of immediate surgery to Principal Braswell on January 5, 2016.

37. Despite this and Mrs. Stanley's request for a reasonable accommodation due to her knee disability, Principal Braswell had delayed accommodating Mrs. Stanley and only after a month of requesting accommodations be made, did he grant said accommodation., During the interim, because of Mr. Braswell's refusal to accommodate Mrs. Stanley, her students traveled to other floors unsupervised. Principal Braswell is well aware of and has condoned this behavior rather than providing Mrs. Stanley with a reasonable accommodation to be with her students.

38. Upon information and belief, Rosa Dluginsky, an employee who had not complained of harassment, requested an accommodation for her alleged injury to her knee, and with the submission of only one doctor's note and no supporting medical documentation, said accommodation was immediately provided to her, without delay. This disparate treatment further demonstrated the District's bias towards Mrs. Stanley.

39. These continued and increased actions by Principal Braswell are evidence of retaliation against Mrs. Stanley for reporting his discriminatory and harassing behavior to the Interim Superintendent.

40. Braswell has used his position of authority to ensure that Mrs. Stanley has suffered discrimination, harassment and retaliation all in violation of the law.

41. Braswell knows of Mrs. Stanley's disabilities involving her knees and yet has repeatedly refused to accommodate her. Indeed, he has caused her students to unnecessarily travel from one floor unsupervised when he could have provided a reasonable accommodation to Mrs. Stanley and her students to prevent this unsafe practice.

42. Roosevelt Union Free School District discriminated against Mrs. Stanley when they refused to credit her with the Professional Development hours she has earned, has

engaged in harassing and hostile behavior for falsely believing she started a rumor of the Principal having an affair and retaliated against Mrs. Stanley for reporting the discrimination, harassment and hostile work environment to the Interim Superintendent.

43. Mrs. Stanley was discriminated against based on her age, sex, disability and she was not treated the same or similar to other similarly situated teachers who were younger in age, were not disabled, or were not accused of spreading rumors of sexual behaviors in the school.

44. Mrs. Stanley has continued to be retaliated against and receive baseless negative evaluations, even though for the 2014-15 school year her students exceeded district growth expectations.

45. Mrs. Stanley's effectiveness is proven by data which show that her students had the  highest progress on the fifth grade level and they had the second highest progress growth in the entire building, as compared to all the other sections.

46. During a staff meeting on June 8, 2016, again in front of Mrs. Stanley's colleagues, Mr. Braswell called her unprofessional because she cited an article from the contract to explain a situation - he cut her off and told her he didn't want to here it, he knows the contract as well. He did this to humiliate, embarrass and degrade Mrs. Stanley in front of her colleagues and peers.

47. After the meeting, Mr. Braswell admitted to Mrs. Stanley that his behavior was unprofessional however, his conduct does not change. His pattern of continuously embarrassing, humiliating and degrading Mrs. Stanley has not stopped.

48. The latest incident occurred on June 14, 2016, when Mrs. Stanley's peers approached her with respect to comments that Mr. Braswell made. They informed her that

Mr. Braswell is speaking ill of Mrs. Stanley and telling others she will be transferred from teaching the fifth grade to teaching the sixth grade, prior to notifying her of the transfer.

49. Mrs. Stanley has been teaching the fifth grade for ten years. Prior to this year, she has had an excellent work record and was not transferred.

50. This transfer is merely being conducted to harass Mrs. Stanley further. She is an effective fifth grade teacher and upon information and belief, there is no legitimate reason for her transfer.

51. There is no legitimate reason to share classroom assignments with other teachers without notifying Mrs. Stanley of the actual assignment.

52. Upon information and belief, even after Mrs. Stanley complained of the harassment she suffered and continues to suffer at the hands of Mr. Braswell to the Interim Superintendent, the Defendants, the District and the Board failed to take remedial measures to ensure that the behavior ceases. Instead, Mrs. Stanley continues to have to work under his supervision, an investigation was not conducted, nor was Mrs. Stanley informed of any measures that would be taken by the administration to ensure that the discriminatory, retaliatory behavior ceases.

## COUNT I

### VIOLATION OF TITLE VII
### OF THE CIVIL RIGHTS ACT OF 1964, Age Discrimination in Employment Act of 1967; the Americans with Disability Act, as amended

53.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 52 inclusive, as if fully set forth herein.

54.     At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e, et seq.)

55.     Defendant violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964 by issuing negative evaluations, stating false negative facts regarding Plaintiff and her performance, failing to address the complaints of harassment, failing to investigate the matter, failing to properly address the matter, and now by threatening to transfer Plaintiff from teaching the fifth grade to teaching the sixth grade, because of Plaintiff's sex, race, age, and formal complaints of harassment.

56.     As a result of Defendant DISTRICT's discriminatory acts, Plaintiff has suffered and is entitled to damages sustained to date and continuing in excess of the jurisdictional limits of this Court and to be determined at the trial herein, together with interest, punitive damages, attorneys' fees and costs of this action.

## COUNT II

### For a Judgment Pursuant to CPLR §§ 7801-7806

57.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 56 inclusive, as if fully set forth herein.

58. Article 78 of New York's Civil Practice Law and Rules supersedes the common-law writs of mandamus and provides a device for compelling the District and the Board to perform their legally obligated duties.

59. Title 8 of the New York Codes Rules and Regulations Section 100.2 (dd)(4)(ii) states:

> Professional development. School districts and BOCES shall report to the department in a form and a timetable prescribed by the department, information concerning the completion of professional development for regularly employed certificate holders, who are subject to the professional development requirement prescribed in section 80-3.6 of this Title. Prior to reporting such information to the department, the school district or

BOCES shall be required to consult with the certificate holder to verify the accuracy of the information. For purposes of this reporting requirement, regularly employed certificate holders shall mean certificate holders who are employed by the school district or BOCES in a position requiring teaching certification for 90 days or more in the July 1st through June 30th professional development year, prescribed in section 80-3.6 of this Title. In the case of the City School District of the City of New York, the 90 days or more of employment shall include the combined number of days employed in a position requiring teaching certification at any of its components, including but not limited to community school districts, high school divisions, special education divisions, and the Chancellor's district, in the professional development year. In computing the number of days employed, a day of employment shall include a day actually worked in whole or in part or a day not actually worked but a day paid.

60. Defendants the District and the Board are required by Title 8 of the New York Codes Rules and Regulations Section 100.2(dd)(4)(ii) to report Mrs. Stanley's professional development hours. They have refused to do so.

61. Further, they have informed Mrs. Stanley in order to receive the credits, she must lie on the State website and claim she is not employed by a Public School, input the hours of professional development and then, they will review it and approve those hours.

62. Mrs. Stanley is not willing to lie on documents submitted to the State and falsify documents. Accordingly, Defendants, the District and the Board have failed to perform their duty as required by law and have not met with Mrs. Stanley to review the accuracy of her professional development hours, have refused to input set hours and certify to the State that she has kept up to date with the Professional Development hours notwithstanding their duty to do so.

63. CPLR § 7801 et seq. provides a right of action against governmental officers and entities that have "failed to perform a duty enjoined upon [them] by law."

11

64. Plaintiff has a clear legal right to the enforcement of, and compliance with, Title 8 § 100.2(dd)(4)(ii) by the Board and the District.

65. Plaintiff has no adequate remedy at law.

66. Accordingly, Plaintiff is entitled to a judgment under CPLR § 7806 ordering the District and the Board to comply with the provisions of Title 8 § 100.2(dd)(4)(ii) of the New York Codes Rules and Regulations.

## COUNT III

### For a Judgment Pursuant to CPLR §§ 7801-7806

67.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 66 inclusive, as if fully set forth herein.

68. Article 78 of New York's Civil Practice Law and Rules supersedes the common-law writs of mandamus and provides a device for compelling the District and the Board to perform their legally obligated duties.

Title 8 of the New York Codes Rules and Regulations Section 100.2(dd)(5)(i) states:

Recordkeeping requirements.
> School districts and BOCES shall be required to maintain a record of professional development successfully completed by certificate holders, who are subject to the professional development requirement prescribed in section 80-3.6 of this Title, and who take professional development offered by the school district or BOCES or by entities on behalf of the school district or BOCES. Such record shall include: the name of the professional certificate holder, his or her teacher certification identification number, the title of the program, the number of hours completed, and the date and location of the program. Such record shall be retained by the school district or BOCES for at least seven years from the date of completion of the professional development by the professional certificate holder and shall be available for review by the department.

69. Defendants the District and the Board are required by Title 8 of the New York Codes Rules and Regulations Section 100.2(dd)(5) (i) to maintain a record of professional development successfully completed by Mrs. Stanley.   They have refused to do so.

70. Accordingly, Defendants the District and the Board have failed to perform their duty as required by law and have not maintained a record of professional development hours successfully completed by Mrs. Stanley notwithstanding their duty to do so.

71. CPLR § 7801 et seq. provides a right of action against governmental officers and entities that have "failed to perform a duty enjoined upon [them] by law."

72. Plaintiff has a clear legal right to the enforcement of, and compliance with, Title 8 § 100.2(dd)(5)(i) by the Board and the District.

73. Plaintiff has no adequate remedy at law.

74. Accordingly, Plaintiff is entitled to a judgment under CPLR § 7806 ordering the District and the Board to comply with the provisions of Title 8 § 100.2(dd)(5)(i) of the New York Codes Rules and Regulations.

**COUNT IV**

**VIOLATION OF 42 U.S.C. 1983**

75.   Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 74 inclusive, as if fully set forth herein.

76.   Plaintiff is within the protections afforded by 42 U.S.C. 1983.

77.   Interim under color of State Law and in concert with one another, Defendants violated Plaintiff's rights under the Federal Civil Rights Act (42 U.S.C. 1983, et seq.), when they gave Plaintiff negative performance reviews, threaten to transfer Plaintiff to teach at the sixth (6th) grade level instead of the fifth (5th) grade level that she

has demonstrated proficiency and excellence in, as they continue to create a hostile work environment based on Plaintiff's sex, age, race, and complaints of harassment.

78.     As a result of Defendant DISTRICT's discriminatory acts, Plaintiff has suffered and is entitled to damages sustained to date and continuing in excess of the jurisdictional limits of this Court and to be determined at the trial herein, together with interest, punitive damages, attorneys' fees and costs of this action.

## COUNT V

## MUNICIPAL VIOLATIONS OF 42 U.S.C. 1983

79.     Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 78 inclusive, as if fully set forth herein.

80.     Defendant DISTRICT, Interim under color of State Law, through its policy makers, employees, agents and assigns, deprived Plaintiff of her rights, privileges and immunities secured by the United States Constitution by engaging in a course of conduct rising to the level of a policy and practice, thereby violating Plaintiffs' civil rights under 42 U.S.C. 1983, et seq.  Defendants HAZELTON and the BOARD have used the authority of the government and their offices to discriminate against Plaintiff on the basis of her sex, age, race and because of her complaints of harassment.  Defendants HAZELTON and the BOARD, each a policy maker for the relevant time herein, individually and collectively created, condoned, fostered and adopted this policy.

81.     The DISTRICT itself was the vehicle and the instrumentality of the individual conspirators to deprive Plaintiff of her rights and it is therefore liable to the Plaintiff.

82.     As a result of Defendant DISTRICT's acts, Plaintiff has suffered and is entitled to damages sustained to date and continuing in excess of the jurisdictional limits of this Court and to be determined at the trial herein, together with interest, punitive damages, attorneys' fees and costs of this action.

## COUNT VI

### VIOLATION OF 42 U.S.C. 1985

83.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 82 inclusive, as if fully set forth herein.

84.     The Defendants each engaged in a conspiracy for the purpose of depriving the Plaintiff the equal protections of the laws through the overt acts of giving Plaintiff negative performance reviews, subjecting her to a hostile work environment, refusing to input the professional development hours such that it puts her position and certification at issue, threatening to transfer Plaintiff from her position as a fifth grade teacher to a sixth grade teacher, speaking ill of plaintiff and making false unsubstantiated statements about Plaintiff to colleagues, peers and others in the Community in furtherance of their conspiracy to discriminate against employees on the basis of their sex, age, race, and complaints of harassment. As a result the Plaintiff sustained injuries through her loss of her property rights in her employment with the DISTRICT.

85.     Plaintiff is a member of a protected class and therefore is fully afforded the protections of 42 U.S.C. 1985.

## COUNT VII

### VIOLATION OF 42 U.S.C. 1986

86.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 85 inclusive, as if fully set forth herein.

87.     Plaintiff alleges herein that the individually named Defendants were aware of the conspiracy to demote Plaintiff based on her sex, age, race, and complaints of harassment but failed to prevent the hostile work environment from continuing, failed to correct the negative evaluations that were unjustly issued, failed to comply with their duty under the law to inform the State of her Professional Development Hours so that she is able to retain her Certification.

88.     Plaintiff is entitled to the protections of 42 U.S.C. 1986.

## COUNT VIII

### VIOLATION OF ARTICLE 15 OF THE NEW YORK STATE HUMAN RIGHTS, EXECUTIVE LAW § 296

89.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 88 inclusive, as if fully set forth herein.

90.     Plaintiff is covered under Article 15 of the New York State Human Rights, Executive Law § 296.

91.     Defendant's and its agents' actions as alleged herein violated Article 15 of the New York State Human Rights, Executive Law § 296.

92.     As a result of Defendant DISTRICT's discriminatory acts, Plaintiff has suffered and is entitled to damages sustained to date and continuing in excess of the jurisdictional limits of this Court and to be determined at the trial herein, together with interest, punitive damages, attorneys' fees and costs of this action.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

(a)     Declaring Defendant's conduct complained of herein to be in violation of the Plaintiff's rights under Title VII of The Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000-e et seq., 42 U.S.C. § 1983, 1985 and 1986 and Article 15 of the New York State Executive Law § 296;

(b)     Ordering Defendant to rescind the negative evaluations in Plaintiff's file;

(c)     Ordering Defendants to comply with their mandatory duty under the law and report Plaintiff's professional development hours so she may maintain her Certification in Special Education as they are required to do by Title 8 of the New York Codes Rules and Regulations § 100.2(dd)(4)(ii);

(d)     Awarding Plaintiff compensatory damages in the sum of as least One Million Dollars ($1,000,000.00);

(e)     Awarding Plaintiff punitive damages in the sum of at least One Million Dollars ($1,000,000.00).

(f)     Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and such other and further relief as this Court deems necessary.

## JURY DEMAND

Plaintiff hereby demands a trial jury on all issues.

Dated: Garden City, New York
       June 17, 2016

Yours, etc.

Law Offices of Louis D. Stober, Jr., LLC
By: Louis D. Stober, Jr. (LS-9318)
Attorneys for Plaintiff
350 Old Country Road
Suite 205
Garden City, New York  11530
(516) 742-6546
(516) 742-8603 fax

18

## VERIFICATION

State of New York    )
                     ) ss:
County of Nassau     )


TWANA STANLEY, being duly sworn deposes and says:

I am the Plaintiff in the action herein.  I have read the Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

TWANA STANLEY

Sworn to before me this
17th day of June, 2016

Notary Public

Albina Kataeva
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02KA6278648
Qualified in Queens County
Commission Expires March 25, 20 17