UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

TWANA STANLEY,

                         Plaintiff,

        -against-

ROOSEVELT UNION FREE SCHOOL DISTRICT,
BOARD OF EDUCATION OF THE ROOSEVELT
UNION FREE SCHOOL DISTRICT
and MARNIE HAZELTON, individually and in her
official capacity as Superintendent of the Roosevelt
Union Free School District,

                         Defendant.

-------------------------------------------------------------------------X

**VERIFIED
AMENDED
COMPLAINT**

Jury Trial Demanded
On All Issues

Index No.:

Plaintiff, by her attorney, Law Offices of Louis D. Stober, Jr., LLC, respectfully

alleges as follows:

## PURPOSE OF ACTION

1.      Plaintiff commences this action for the purpose of seeking appropriate

remedies and redress for violations of rights secured by Title VII of The Civil Rights Act

of 1964 ("Title VII"), 42 U.S.C. § 2000-e et seq., the Age Discrimination in Employment

Act ("ADEA"), 29 U.S.C. § 621 et seq., Americans With Disabilities Act ("ADA", 42

U.S.C. § 12101 et seq., 42 U.S.C. § 1983, 1985 and 1986 and Article 15 of the New York

State Executive Law § 296 ("Human Rights Law"), and under Article 78 of the Civil

Practice Laws and Rules ("CPLR").

## JURISDICTION AND VENUE

2.      Plaintiff has exhausted all administrative remedies by dual filing with the Equal Opportunity Employment Commission ("EEOC") and New York State Division of Human Rights ("DHR"). After the EEOC conducted their investigation, they issued a right to sue letter on March 24, 2016. A Right to Sue Letter was received on March 28, 2016 for EEOC Charge Number 520-2016-01275. (Ex. A).

3.      This Court has original subject matter jurisdiction of this action as a Federal Question pursuant to 28 U.S.C. §§ 1331 and 1337, 42 U.S.C. § 2000-e et seq. and 42 U.S.C. § 1983, 1985 and 1986 and supplemental jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1367.

4.      Venue lies in this District in that the causes of action all arose within the Eastern District of New York, Nassau County, New York.

5.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6.      Plaintiff TWANA STANLEY (hereinafter "Stanley") is an adult individual residing in Nassau County, New York; and at all times relevant herein was an employee of Defendant ROOSEVELT UNION FREE SCHOOL DISTRICT.

7.      Defendant ROOSEVELT UNION FREE SCHOOL DISTRICT (the "District"), is a school district, existing under the laws of the State of New York, having its office at 240 Denton Street, Roosevelt, New York 11575; and at all times relevant herein was Plaintiff's employer.

8.      Defendant BOARD OF EDUCATION OF THE ROOSEVELT UNION FREE SCHOOL DISTRICT (the "Board") is the governing board of the District, having

2

its office at 240 Denton Street, Roosevelt, New York 11575; and at all times relevant herein was a policy maker, employee, agent and/or assign of Plaintiff's employer.

9.  Defendant MARNIE HAZELTON ("Hazelton") is the superintendent of the DISTRICT and has her office at 240 Denton Street, Roosevelt, New York 11575; and at all times relevant herein was a policy maker, employee, agent and/or assign of Plaintiff's employer.

## STATEMENT OF FACTS

10. Claimant is a 47-year-old female who began working for the Roosevelt Union Free School District as an Elementary teacher thirteen (13) years ago.

11. Mrs. Stanley has been most currently assigned to the Washington Rose Elementary School, and is opposed to discriminatory practices.

12. Mrs. Stanley is also a certified Special Education teacher and pursuant to State Law, the District is required to report Mrs. Stanley's Professional Development hours.

13. Prior to January of 2015, Mrs. Stanley had an unblemished record with Roosevelt and has been an exemplary teacher throughout her career.

14. In December of 2014, a rumor began in the Washington Rose Elementary School that the principal, Clyde Braswell, was having an alleged affair with a female employee of the school.

15. Mrs. Stanley did not start or foster the rumor.

16. In January of 2015, a colleague of Mrs. Stanley informed her that Principal Braswell stated that Mrs. Stanley had started the rumor that he allegedly was having an affair with a female employee of the school.

17. Principal Braswell was incorrect; Mrs. Stanley did not start or spread the rumor.

3

18. Since the time the alleged affair with the Principal and teacher was discovered, the teacher having the alleged affair with Principal Braswell has been receiving favored treatment over the rest of the teachers including Mrs. Stanley.

19. The teacher having the alleged affair with Mr. Braswell has been appointed to head a club with a stipend attached to it despite the fact that the appointment was made in violation of the Collective Bargaining Agreement between the teachers' union and the District as well as District practice in that the opening was never posted, others, including Mrs. Stanley were not afforded the opportunity to apply or even know of the opening.

20. In addition, the teacher having the alleged affair with Principal Braswell is treated more favorably than the other teachers, including Mrs. Stanley, in that her lateness's are, upon belief, not recorded or held against her while other teachers do.

21. Thereafter, Principal Braswell began a campaign of harassment and retaliation against Mrs. Stanley creating fictitious complaints, preparing wrong and false observation comments, berating and reprimanding Mrs. Stanley for false allegations in front of Mrs. Stanley's colleagues and in meetings with the staff and many other actions including the method, manner and tone with which Principal Braswell spoke to Mrs. Stanley versus how other teachers and employees were treated.

22. As an example, Mrs. Stanley had made a timely and proper request for a personal day which was denied while a newly hired (and younger) colleague was provided coverage to leave the building and attend to personal business and not charged with a personal day to attend to a personal matter. This denial was in retaliation for Mrs. Stanley complaining of discrimination and sexual harassment in September of 2015 and evidences a different

4

standard being used for younger, similarly situated, teachers. The denial was age based discrimination as well.

23. The actions above have been ongoing and continuous to this date.

24. An additional and egregious act that the Defendants are engaging in is the continued failure to credit Mrs. Stanley with the at least 195 Professional Development hours that she has completed which must be credited by June 30, 2016 to maintain Mrs. Stanley's Special Education Certification which is absolutely critical to her ability to be employed as a Special Education teacher. June 30, 2016 has passed and the Defendants have not, to date, credited the hours for Mrs. Stanley.

25. The Defendants' failure to properly credit her with her Continuing Education hours has caused her Special Education certification to become endangered.

26. Mrs. Stanley has repeatedly brought the District's failure to properly credit her with the Professional Development hours but the District has failed to correct the matter.

27. The District has instructed Mrs. Stanley to enter the system on her own, falsify information by indicating in the system that she is not a public school employee, when in fact she is and to enter the Professional Development hours herself.

28. This failure will result in the lapse of Mrs. Stanley's certification as a Special Education teacher.

29. Mrs. Stanley has had to document the false statements by Principal Braswell in her observations and evaluations and when confronted with the falsehood, Braswell has not changed any of his remarks.

30. These false statements have been made by Braswell to support his goal of commencing disciplinary charges against Mrs. Stanley under Education Law Section 3020-a.

31. Despite Mrs. Stanley showing the falsity of Principal Braswell's statements in the evaluations and observations, the Defendants have not corrected any of the evaluations or observations and are building a paper trail to seek termination of Mrs. Stanley's employment.

32. Even after providing detailed rebuttals to Braswell's false observations and asking for supporting evidence to support why he gave Mrs. Stanley a "developing" and "ineffective" in certain categories, Braswell has not changed any of the "developing" or "ineffective" scores nor has he provided any supporting documentation for his scores.

33. This is a critical adverse action under the Education Law and the rules and regulations of the State Education Department as successive developing or ineffective scores can be the basis for disciplinary charges under Education Law Section 3020-a.

34. On October 14, 2015, in violation of the Collective Bargaining Agreement between Roosevelt UFSD and the Teacher's Union, Principal Braswell falsely reprimanded Mrs. Stanley in front of her colleagues.

35. The reprimand concerned an alleged parent complaint that Mrs. Stanley allegedly hit her son and called him "rachette". The incident was alleged to have taken place in the gym/ auditorium with children, teachers, and the assistant principal present.

36. Braswell called Mrs. Stanley's name and union rep at the end of a faculty meeting over the microphone and then discussed the incident in front of the staff. The allegations were never founded and were, indeed, false.

37. The reprimand was over a completely fabricated matter by Principal Braswell, a matter that younger teachers and the teacher having an alleged sexual relation with Principal Braswell were not subjected.

38. At a meeting between the Acting Superintendent and Mrs. Stanley regarding Braswell's conduct towards Mrs. Stanley, including his failure to credit her with Professional Development hours, Mrs. Hazelton advised Mrs. Stanley that Braswell had stated to the Superintendent that Mrs. Stanley may have forged documentation to prove attendance for a workshop dated November 12, 2014 that he had denied (without probable cause). Mrs. Stanley immediately rebutted Braswell's allegations by providing the Acting Superintendent with a copy of the sign in sheet and certification of completion from Western Suffolk BOCES proving that she had indeed attended. Braswell has still refused to credit Mrs. Stanley with those hours.

39. These actions by Braswell have been taken in further harassment and retaliation against Mrs. Stanley for the accusations of Principal Braswell and Mrs. Stanley having reported his actions against her to the District Superintendent.

40. On November 18, 2015, Mrs. Stanley met with the Acting Superintendent of the District, Mrs. Hazelton to complain of the unrelenting harassment and retaliation by Principal Braswell, the false accusations by Braswell that she had started a rumor that he was having an affair with a female employee, the false allegations in subsequent observations and evaluations by Braswell, the failure to credit Professional Development hours, the public berating's and other outrageous conduct of Principal Braswell towards Mrs. Stanley because she was not receiving preferential treatment because she was not the one having an alleged sexual relationship with Braswell.

41. In a subsequent meeting Mrs. Stanley also complained about Principal Braswell's conduct towards her because she had requested accommodations for her injured knee.

42. Upon information and belief, Principal Braswell was forewarned of the meeting between Mrs. Stanley and Mrs. Hazelton and spread false statements about Mrs. Stanley to Mrs. Hazelton in an effort to negatively sway Mrs. Hazelton's opinions of Mrs. Stanley.

43. Mrs. Hazelton advised Mrs. Stanley, at the meeting, that she would take care of Braswell and his harassing and retaliatory conduct.

44. Despite this assurance, Braswell has not changed and continues to harass and retaliate against Mrs. Stanley.

45. As soon as November 24, 2015, Braswell continued his false rants against Mrs. Stanley in his observation of her of that date in retaliation for Mrs. Stanley having complained of what she felt was his discriminatory actions towards her based on sex, age and disability.

46. Mrs. Stanley has had to prepare a lengthy rebuttal to his November observation as he falsely put items into the developing category despite the fact he had no support for those items. Mrs. Stanley verily believes, he did not take such actions against the teacher who is allegedly having a sexual relationship with him.

47. Principal Braswell has also falsely accused Mrs. Stanley of intimidating a new teacher based on his perception of a "snapshot" of an overheard conversation. However, the teacher involved never reported anything to Principal Braswell and affirmatively stated she did not feel intimidated by Mrs. Stanley.

48. Rather than reducing the hostile work environment and discriminatory acts, the meeting with the Superintendent has led to Principal Braswell increasing his hostilities towards Mrs. Stanley.

49. Mrs. Stanley has submitted medical documentation including doctor notes, copy of MRI results, and a recommendation for physical therapy instead of immediate surgery to Principal Braswell on January 5, 2016. Despite this and Mrs. Stanley's request for a reasonable accommodation due to her knee disability, Principal Braswell had only given 3 days of support through February 2016 to Mrs. Stanley and therefore, Mrs. Stanley's students have been traveling to other floors unsupervised. It was over a month from when Mrs. Stanley reported her knee injury before any accommodations were given and it was not included in Mrs. Stanley's observations by Braswell. Accompanying students from floor to floor is an integral part of Mrs. Stanley's job as it is her responsibility to ensure the safety and well-being of her students. Principal Braswell is well aware of and has condoned this rather than providing Mrs. Stanley with a reasonable accommodation to be with her students. All of the foregoing paragraphs have negatively impacted Mrs. Stanley with respect to evaluations and observations as Braswell continues his campaign to build a paper trail against Mrs. Stanley to seek her ultimate termination.

50. These continued and increased actions by Principal Braswell are evidence of retaliation against Mrs. Stanley for reporting his discriminatory and harassing behavior to the Acting Superintendent.

51. Braswell has used his position of authority to ensure that Mrs. Stanley has suffered discrimination, harassment and retaliation all in violation of the law.

52. Roosevelt Union Free School District discriminated against Mrs. Stanley when they refused to credit her with the Professional Development hours she has earned, has engaged in harassing and hostile behavior for falsely believing she started a rumor of the Principal having an alleged affair, condoned the preferential treatment Braswell is giving to

the teacher who is allegedly having the sexual relationship with him and retaliated against Mrs. Stanley for reporting the discrimination, harassment and hostile work environment to the Acting Superintendent.

53. Mrs. Stanley was discriminated against based on her age, sex, disability and she was not treated the same or similar to other similarly situated teachers who were younger in age, were not disabled, or were not accused of spreading rumors of sexual behaviors in the school.

54. Mrs. Stanley has continued to be retaliated against and receive baseless negative evaluations, even though for the 2014-15 and 2015-2016 school years her students exceeded district growth expectations. Mrs. Stanley verily believes, teachers who allegedly have sexual relationships with Braswell or are younger, newer teachers, do not get these types of negative evaluations.

55. Mrs. Stanley's effectiveness is proven by data which show that her students had the highest progress on the fifth grade level and they had the second highest progress growth in the entire building, as compared to all the other sections.

56. During a staff meeting on June 8, 2016, again in front of Mrs. Stanley's colleagues, Mr. Braswell called her unprofessional because she cited an article from the contract to explain a situation - he cut her off and told her he didn't want to hear it, he knows the contract as well. He did this to humiliate, embarrass and degrade Mrs. Stanley in front of her colleagues and peers in retaliation for her having reported his discriminatory and harassing behavior.

57. After the meeting, Mr. Braswell admitted to Mrs. Stanley that his behavior was unprofessional however, his conduct does not change. His pattern of continuously embarrassing, humiliating and degrading Mrs. Stanley has not stopped.

58. Another incident occurred on June 14, 2016, when Mrs. Stanley's peers approached her with respect to comments that Mr. Braswell made. They informed her that Mr. Braswell told other staff members of Mrs. Stanley's transfer before telling Mrs. Stanley. They also told her that Braswell was telling others she will be transferred from teaching the fifth grade to teaching the sixth grade.

59. Prior to the June 2016 incident, in March - April of 2016, Braswell sought to have Stanley transferred to a different school entirely.

60. Again, following a similar pattern, Braswell informed other staff members that Stanley was being transferred to another school prior to even meeting with Mrs. Stanley.

61. In furtherance of this retaliatory transfer, Mrs. Stanley received an email on April 1, 2016 to attend a meeting with Robert Brisbane on April 5, 2016 and to bring a union representative. Mrs. Stanley was not advised of the subject matter of the meeting.

62. Thereafter, Mrs. Stanley sought clarification of what the meeting was about as she believed, from people who had spoken to her about the rumor Braswell was spreading, that the meeting was to tell her she was being transferred to another school.

63. Rather than advise Mrs. Stanley of the purpose of the meeting, the meeting was summarily canceled and Mrs. Stanley received an email stating that the meeting notice was sent to her in error.

64. Mrs. Stanley was ultimately not transferred to another building, however the anxiety and distress of these rumors and meetings and subsequent cancelations were all

11

precipitated by these retaliatory acts, all taken after Mrs. Stanley had filed her EEOC complaint.

65. This transfer was merely being conducted to harass Mrs. Stanley further. She is an effective fifth grade teacher and upon information and belief, there is no legitimate reason for her transfer.

66. Immediately after the failed attempt to transfer Mrs. Stanley to another school, Braswell continued his campaign of harassment and retaliation for Mrs. Stanley having filed an EEOC Complaint and her aforementioned complaints, by sending her a false email regarding the manner in which she completes students' report cards. It is obvious from the email that Braswell did not actually read the report cards for if he had, he would have seen that Mrs. Stanley had prepared the report cards exactly the way they were supposed to be completed and completed in the same way that she had received accolades for in years prior to the instant controversy.

67. These actions by Braswell all occurred after Mrs. Stanley had filed her EEOC Complaint.

68. The documentation shows beyond avail that prior to the rumor allegations, Mrs. Stanley's evaluations were all excellent, all categories were either effective or highly effective. After the rumor allegation and preferential treatment as alleged above, the evaluations were no longer excellent, but rather now Braswell filled the evaluations with developing and ineffective categories and started listing false negative comments.

69. After Mrs. Stanley filed her EEOC complaint, her evaluations were even more negative with as many as eleven categories of developing or ineffective.

70. The falsity of Braswell's ratings are borne out by the fact Mrs. Stanley has repeatedly received certificates of excellence for having the highest class growth in mathematics on Star Benchmark Assessment and had the second highest class growth in reading on Star Benchmark Assessment.

71. Another non-subjective measure of Mrs. Stanley's outstanding efforts as a teacher are the district growth reports showing that Mrs. Stanley has far exceeded the growth expectations in reading and math that the District has set. For the school year 2015-2016, Mrs. Stanley has a 91% growth rate in reading and a 100% growth rate in math.

72. Despite these outstanding scores, Braswell berated and falsely accused Mrs. Stanley of not doing well with her students at a meeting held with her on September 28, 2016.

73. The actions of the Defendants against Mrs. Stanley as alleged above, have caused Mrs. Stanley extreme emotional distress, pain, suffering and a loss of reputation among her colleagues and supervisors.

## COUNT I

## VIOLATION OF TITLE VII
## OF THE CIVIL RIGHTS ACT OF 1964

74. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 73 inclusive, as if fully set forth herein.

75. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e, et seq.)

76. Defendant violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964 by issuing negative evaluations, stating false negative facts regarding Plaintiff and her performance, failing to address the complaints of harassment, failing to

investigate the matter, failing to properly address the matter, and now by threatening to transfer Plaintiff from teaching the fifth grade to teaching the sixth grade, because of Plaintiff's sex, age, and formal complaints of harassment.

77. As a result of Defendant DISTRICT's discriminatory acts, Plaintiff has suffered and is entitled to damages sustained to date and continuing in excess of the jurisdictional limits of this Court and to be determined at the trial herein, together with interest, punitive damages, attorneys' fees and costs of this action.

## COUNT II

## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

78. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 77 inclusive, as if fully set forth herein.

79. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the ADEA (29 U.S.C. 621, et seq.).

80. Defendant's conduct as alleged above constitutes age discrimination in violation of the ADEA because Defendant's treated Plaintiff in a disparate manner as compared to younger, similarly situated teachers.

81. As a result of Defendant DISTRICT's discriminatory acts, Plaintiff has suffered and is entitled to damages sustained to date and continuing in excess of the jurisdictional limits of this Court and to be determined at the trial herein, together with interest, punitive damages, attorneys' fees and costs of this action.

## COUNT III

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

14

82. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 81 inclusive, as if fully set forth herein.

83. Plaintiff is a "qualified individual with a disability" as defined in 42 U.S.C. 12131(2).

84. Defendant's conduct as alleged above constitutes disability discrimination in violation of the ADA because Defendant's failed to make reasonable accommodations for Plaintiff.

85. As a result of Defendant DISTRICT's discriminatory acts, Plaintiff has suffered and is entitled to damages sustained to date and continuing in excess of the jurisdictional limits of this Court and to be determined at the trial herein, together with interest, punitive damages, attorneys' fees and costs of this action.

## COUNT IV

### FOR A JUDGMENT PURSUANT TO CPLR §§ 7801-7806

86. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 85 inclusive, as if fully set forth herein.

87. Article 78 of New York's Civil Practice Law and Rules supersedes the common-law writs of mandamus and provides a device for compelling the District and the Board to perform their legally obligated duties.

88. Title 8 of the New York Codes Rules and Regulations Section 100.2(dd)(4)(ii) states:

> Professional development. School districts and BOCES shall report to the department in a form and a timetable prescribed by the department, information concerning the completion of professional development for regularly employed certificate holders, who are subject to the professional development requirement prescribed in section 80-3.6 of this Title. Prior

to reporting such information to the department, the school district or BOCES shall be required to consult with the certificate holder to verify the accuracy of the information. For purposes of this reporting requirement, regularly employed certificate holders shall mean certificate holders who are employed by the school district or BOCES in a position requiring teaching certification for 90 days or more in the July 1st through June 30th professional development year, prescribed in section 80-3.6 of this Title. In the case of the City School District of the City of New York, the 90 days or more of employment shall include the combined number of days employed in a position requiring teaching certification at any of its components, including but not limited to community school districts, high school divisions, special education divisions, and the Chancellor's district, in the professional development year. In computing the number of days employed, a day of employment shall include a day actually worked in whole or in part or a day not actually worked but a day paid.

89. Defendants the District and the Board are required by Title 8 of the New York Codes Rules and Regulations Section 100.2(dd)(4)(ii) to report Mrs. Stanley's professional development hours. They have refused to do so.

90. Further, they have informed Mrs. Stanley in order to receive the credits, she must lie on the State website and claim she is not employed by a Public School, input the hours of professional development and then, they will review it and approve those hours.

91. Mrs. Stanley is not willing to lie on documents submitted to the State and falsify documents. Accordingly, Defendants the District and the Board have failed to perform their duty as required by law and have not met with Mrs. Stanley to review the accuracy of her professional development hours, have refused to input set hours and certify to the State that she has kept up to date with the Professional Development hours notwithstanding their duty to do so.

92. CPLR § 7801 et seq. provides a right of action against governmental officers and entities that have "failed to perform a duty enjoined upon [them] by law."

93. Plaintiff has a clear legal right to the enforcement of, and compliance with, Title 8 § 100.2(dd)(4)(ii) by the Board and the District.

94. Plaintiff has no adequate remedy at law.

95. Accordingly, Plaintiff is entitled to a judgment under CPLR § 7806 ordering the District and the Board to comply with the provisions of Title 8 § 100.2(dd)(4)(ii) of the New York Codes Rules and Regulations.

## COUNT V

## FOR A JUDGMENT PURSUANT TO CPLR §§ 7801-7806

96.   Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 95 inclusive, as if fully set forth herein.

97. Article 78 of New York's Civil Practice Law and Rules supersedes the common-law writs of mandamus and provides a device for compelling the District and the Board to perform their legally obligated duties.

Title 8 of the New York Codes Rules and Regulations Section 100.2(dd)(5)(i) states:

Recordkeeping requirements.
> School districts and BOCES shall be required to maintain a record of professional development successfully completed by certificate holders, who are subject to the professional development requirement prescribed in section 80-3.6 of this Title, and who take professional development offered by the school district or BOCES or by entities on behalf of the school district or BOCES. Such record shall include: the name of the professional certificate holder, his or her teacher certification identification number, the title of the program, the number of hours completed, and the date and location of the program. Such record shall be retained by the school district or BOCES for at least seven years from the date of completion of the professional development by the professional certificate holder and shall be available for review by the department.

98. Defendants the District and the Board are required by Title 8 of the New York Codes Rules and Regulations Section 100.2(dd) (5) (i) to maintain a record of professional development successfully completed by Mrs. Stanley. They have refused to do so.

99. Accordingly, Defendants the District and the Board have failed to perform their duty as required by law and have not maintained a record of professional development hours successfully completed by Mrs. Stanley notwithstanding their duty to do so.

100. CPLR § 7801 et seq. provides a right of action against governmental officers and entities that have "failed to perform a duty enjoined upon [them] by law."

101. Plaintiff has a clear legal right to the enforcement of, and compliance with, Title 8 § 100.2(dd)(5)(i) by the Board and the District.

102. Plaintiff has no adequate remedy at law.

103. Accordingly, Plaintiff is entitled to a judgment under CPLR § 7806 ordering the District and the Board to comply with the provisions of Title 8 § 100.2(dd)(5)(i) of the New York Codes Rules and Regulations.

## COUNT VI

## VIOLATION OF 42 U.S.C. 1983

104. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 103 inclusive, as if fully set forth herein.

105. Plaintiff is within the protections afforded by 42 U.S.C. 1983.

106. Acting under color of State Law and in concert with one another, Defendants violated Plaintiff's rights under the Federal Civil Rights Act (42 U.S.C. 1983, et seq.), when they unilaterally withheld their approval of Mrs. Stanley's Professional Development hours in violation of her Fourteenth Amendment due process rights.

107. In the act of withholding approval of the Professional Development hours, Mrs. Stanley was deprived of a property interest without due process of the law.

108. As a result of Defendant DISTRICT's violative acts, Plaintiff has suffered and is entitled to damages sustained to date and continuing in excess of the jurisdictional limits of this Court and to be determined at the trial herein, together with interest, punitive damages, attorneys' fees and costs of this action.

## COUNT VII

## MUNICIPAL VIOLATIONS OF 42 U.S.C. 1983

109. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 108 inclusive, as if fully set forth herein.

110. Defendant DISTRICT, acting under color of State Law, through its policy makers, employees, agents and assigns, deprived Plaintiff of her rights, privileges and immunities secured by the United States Constitution by engaging in a course of conduct rising to the level of a policy and practice, thereby violating Plaintiffs' civil rights under 42 U.S.C. 1983, et seq. Defendants HAZELTON and the BOARD have used the authority of the government and their offices withhold approval of Professional Development hours from the Plaintiff as well as other employees. Defendants HAZELTON and the BOARD, each a policy maker for the relevant time herein, individually and collectively created, condoned, fostered and adopted this policy.

111. The DISTRICT itself was the vehicle and the instrumentality of the individual conspirators to deprive Plaintiff of her rights and it is therefore liable to the Plaintiff.

112.     As a result of Defendant DISTRICT's acts, Plaintiff has suffered and is entitled to damages sustained to date and continuing in excess of the jurisdictional limits of this Court and to be determined at the trial herein, together with interest, punitive damages, attorneys' fees and costs of this action.

### COUNT VIII

### VIOLATION OF 42 U.S.C. 1985

113.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 112 inclusive, as if fully set forth herein.

114.     The Defendants each engaged in a conspiracy for the purpose of depriving the Plaintiff the equal protections of the laws through the overt acts of giving Plaintiff negative performance reviews, subjecting her to a hostile work environment, refusing to input the professional development hours such that it puts her position and certification at issue, threatening to transfer Plaintiff from her position as a fifth grade teacher to a sixth grade teacher, speaking ill of plaintiff and making false unsubstantiated statements about Plaintiff to colleagues, peers and others in the Community in furtherance of their conspiracy to discriminate against employees on the basis of their sex, age, and complaints of harassment. As a result, the Plaintiff sustained injuries through her loss of her property rights in her employment with the DISTRICT.

115.     Plaintiff is a member of a protected class and therefore is fully afforded the protections of 42 U.S.C. 1985.

### COUNT IX

### VIOLATION OF 42 U.S.C. 1986

116. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 115 inclusive, as if fully set forth herein.

117. Plaintiff alleges herein that the individually named Defendants were aware of the conspiracy to demote Plaintiff based on her sex, age, and complaints of harassment but failed to prevent the hostile work environment from continuing, failed to correct the negative evaluations that were unjustly issued, failed to comply with their duty under the law to inform the State of her Professional Development Hours so that she is able to retain her Certification which is necessary for retention of her position as a Special Education Teacher.

118. Plaintiff is entitled to the protections of 42 U.S.C. 1986.

## COUNT X

### VIOLATION OF ARTICLE 15 OF THE NEW YORK STATE HUMAN RIGHTS, EXECUTIVE LAW § 296

119. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 118 inclusive, as if fully set forth herein.

120. Plaintiff is covered under Article 15 of the New York State Human Rights, Executive Law § 296.

121. Defendant's and its agents' actions as alleged herein violated Article 15 of the New York State Human Rights, Executive Law § 296.

122. As a result of Defendant DISTRICT's discriminatory acts, Plaintiff has suffered and is entitled to damages sustained to date and continuing in excess of the jurisdictional limits of this Court and to be determined at the trial herein, together with interest, punitive damages, attorneys' fees and costs of this action.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

(a)     Declaring Defendant's conduct complained of herein to be in violation of the Plaintiff's rights under Title VII of The Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000-e et seq., the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq 42 U.S.C. § 1983, 1985 and 1986 and Article 15 of the New York State Executive Law § 296;

(b)     Ordering Defendant to rescind the negative evaluations in Plaintiff's file;

(c)     Order Defendant to report Plaintiff's professional development hours so she may maintain her Certification in Special Education as they are required to do by Title 8 of the New York Codes Rules and Regulations § 100.2(dd)(4)(ii);

(d)     Awarding Plaintiff compensatory damages in the sum of as least One Million Dollars ($1,000,000.00);

(e)     Awarding Plaintiff punitive damages in the sum of at least One Million Dollars ($1,000,000.00).

(f)     Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and such other and further relief as this Court deems necessary.

## JURY DEMAND

Plaintiff hereby demands a trial jury on all issues.


Dated: Mineola, New York
       September 29, 2016

Yours, etc.

Law Offices of Louis D. Stober, Jr., LLC
By: Louis D. Stober, Jr., Esq.
Attorneys for Plaintiff
98 Front Street
Mineola, New York 11501
(516) 742-6546
(516) 742-8603 fax

## VERIFICATION

State of New York    )
                     ) ss:
County of Nassau     )

TWANA STANLEY, being duly sworn deposes and says:

I am the Plaintiff in the action herein. I have read the Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

TWANA STANLEY

Sworn to before me this
29th day of September, 2016
5         October

Notary Public

LOUIS D. STOBER
Notary Public, State of New York
No. 02ST4822083
Qualified in Nassau County
Commission Expires Oct. 31, 20 18

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
TWANA STANLEY,

|  |  |
|---|---|
|  | **VERIFIED** |
|  | **AMENDED** |
| Plaintiff, | **COMPLAINT** |
|  |  |
| -against- | Jury Trial Demanded |
|  | On All Issues |

ROOSEVELT UNION FREE SCHOOL DISTRICT,
BOARD OF EDUCATION OF THE ROOSEVELT
UNION FREE SCHOOL DISTRICT
and MARNIE HAZELTON, individually and in her
official capacity as Superintendent of the Roosevelt
Union Free School District,

                    Defendant.
-----------------------------------------------------------------------X

---

## VERIFIED AMENDED COMPLAINT

---

Law Office of
**LOUIS D. STOBER, JR., LLC**
**Attorneys for Plaintiff**
**98 Front Street**
**Mineola, New York 11501**
**(516) 742-6546**
**(516) 742-8603 fax**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
TWANA STANLEY,

                  Plaintiff,

        -against-

ROOSEVELT UNION FREE SCHOOL DISTRICT,
BOARD OF EDUCATION OF THE ROOSEVELT
UNION FREE SCHOOL DISTRICT
and MARNIE HAZELTON, individually and in her
official capacity as Superintendent of the Roosevelt
Union Free School District,

                  Defendant.
--------------------------------------------------------------------------X

**NOTICE OF CROSS MOTION TO AMEND COMPLAINT**

Jury Trial Demanded
On All Issues

Index No.: 16-CV-03321 (JFB)(AKT)

     **PLEASE TAKE NOTICE**, that upon the annexed affidavit of Louis D. Stober,

Jr, attorney for the Plaintiff, dated the 6th day of October, 2016 and upon the exhibits

annexed thereto, and upon the pleadings and proceedings herein, hereby move this court,

Judge Joseph F. Bianco, U.S.D.J., in Room 920, United States Courthouse, 100 Federal

Plaza, Central Islip, N.Y., on the 7th day of November at 9:30 a.m., or as soon thereafter

as counsel can be heard for an order pursuant to the Federal Rules of Civil Procedure

15(a)(2), to grant the Plaintiff leave to amend her complaint.

Dated:          Mineola, New York
                October 6, 2016

                                    Yours, etc.,

                                    Law Offices of Louis D. Stober, Jr., LLC
                                    By: Louis D. Stober, Jr., Esq.
                                    98 Front Street
                                    Mineola, New York 11501
                                    (516) 742-6546

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

TWANA STANLEY,

                       Plaintiff,

     -against-

                                    Jury Trial Demanded
                                    On All Issues

                                    Index No.: 16-CV-
                                    03321 (JFB)(AKT)

ROOSEVELT UNION FREE SCHOOL DISTRICT,
BOARD OF THE ROOSEVELT
UNION FREE SCHOOL DISTRICT
and MARNIE HAZELTON, individually and in her
official capacity as Superintendent of the Roosevelt
Union Free School District,

                       Defendant.

-------------------------------------------------------------------------X

## NOTICE OF CROSS MOTION FOR LEAVE TO FILE AN AMENDED
## COMPLAINT

**Law Offices of**
**LOUIS D. STOBER, JR., LLC.**
**ATTORNEYS FOR PETITIONER**
**98 FRONT STREET**
**MINEOLA, N.Y. 11501**
**(516) 742-6546**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
TWANA STANLEY,

                         Plaintiff,

          -against-
                                         Jury Trial Demanded
                                         On All Issues

                                         Index No.: 16-CV-
                                         03321 (JFB)(AKT)

ROOSEVELT UNION FREE SCHOOL DISTRICT,
BOARD OF EDUCATION OF THE ROOSEVELT
UNION FREE SCHOOL DISTRICT
and MARNIE HAZELTON, individually and in her
official capacity as Superintendent of the Roosevelt
Union Free School District,

                         Defendant.
-----------------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF CROSS MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

**Law Offices of
LOUIS D. STOBER, JR., LLC.
ATTORNEYS FOR PETITIONER
98 FRONT STREET
MINEOLA, N.Y. 11501
(516) 742-6546**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TWANA STANLEY,

                  Plaintiff,

      -against-

ROOSEVELT UNION FREE SCHOOL DISTRICT,
BOARD OF EDUCATION OF THE ROOSEVELT
UNION FREE SCHOOL DISTRICT
and MARNIE HAZELTON, individually and in her
official capacity as Superintendent of the Roosevelt
Union Free School District,

                  Defendant.
------------------------------------------------------------------------X

Jury Trial Demanded
On All Issues

Index No.: 16-CV-
03321 (JFB)(AKT)

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF CROSS MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

        Plaintiff, Twana Stanley (hereinafter "Stanley" or "Plaintiff"), respectfully moves

the Court, pursuant to Rule 15 of the Federal Rules of Civil Procedure, for leave to file an

Amended Complaint, a copy of which is attached hereto. The new complaint maintains

the counts and allegations against the same defendants from the original complaint but

Plaintiff's proposed amendment would include more factual details to support her claims.

Plaintiff seeks to amend her complaint in order to more thoroughly frame the relevant

issues before this Court. The Court should allow Plaintiff to file her amended complaint

because there has not been undue delay, defendants would not be prejudiced and the

amendments would not be futile.

## ARGUMENT

### PLAINTIFF HAS MET THE STANDARD FOR OBTAINING LEAVE TO FILE AN AMENDED COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 15

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely grant leave when justice so requires." The decision whether to grant leave to amend a pleading is within the sound discretion of the district court. *See* Murray v. U.S. Dept. of J., 821 F. Supp. 94, 100 (E.D.N.Y. 1993), aff'd, 14 F.3d 591 (2d Cir. 1993). The burden is on the opposing party to show that there is reason to deny leave. *See* The Stand. Fire Ins. Co. v. Donnelly, 689 F. Supp. 2d 696, 700 (D. Vt. 2010). Leave to amend should be granted as long as there is not "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party... or futility of amendment." Bennett v. New York City Hous. Auth., 248 F. Supp. 2d 166, 169 (E.D.N.Y. 2002).

None of the factors that may militate against granting a motion to amend is present in this case. First, there has not been an excessive delay in the Plaintiff seeking leave to amend her complaint. Federal Rule of Civil Procedure 15(a)(1)(B) allows party to amend her pleading as a matter of right within 21 days after service of a Rule 12(b) motion. Here, Plaintiff has only missed the time frame to amended as a matter of right by six days. Therefore, there is no undue delay present.

Plaintiff also lacks any bad faith or dilatory motive in seeking leave of the Court to amend. Here, Plaintiff merely wishes to provide more support for her unchanged claims. There have also not been repeated failures to cure deficiencies. Moreover, the

opposing party will not suffer undue prejudice as the claims themselves have not undergone any change. Therefore, Defendants will not be required to engage in significant new preparation in responding to Plaintiff's amended complaint. Plaintiff's proposed amendments seek to more thoroughly frame the relevant issues before this Court.

Lastly, the amendment of Plaintiff's complaint would not be futile. Amendment is futile if the proposed claim would not survive a motion to dismiss. *See* E.E.O.C. v. Thomas Dodge Corp. of N.Y., 524 F. Supp. 2d 227, 234 (E.D.N.Y. 2007). To survive a motion to dismiss, a complaint must have facial plausibility allowing the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The court must construe all facts and inferences in favor of the plaintiff. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Twombly,* 550 U.S. at 555-56). Here, amendment would not be futile as the amendments sough are the addition of facts which will bolster Plaintiff's claims.

Accordingly, in the interest of justice, this Court should grant Plaintiff's motion for leave to file the proposed Amended Complaint. The grant of this motion is particularly appropriate here, given the clear absence of any substantial reason to deny leave to amend.

## CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court grant it leave to file the attached Amended Complaint.

Dated: Mineola, NY
        October 6, 2016

Respectfully submitted,

_____
Law Offices of Louis D. Stober, Jr., LLC
Attorneys for Plaintiff
By: Louis D. Stober, Jr. Esq.
98 Front Street
Mineola, NY 11501
(516) 742-654

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TWANA STANLEY,

                    Plaintiff,

     -against-

<div style="float:right">Jury Trial Demanded<br>On All Issues<br><br>Index No.: 16-CV-<br>03321 (JFB)(AKT)</div>

ROOSEVELT UNION FREE SCHOOL DISTRICT,
BOARD OF EDUCATION OF THE ROOSEVELT
UNION FREE SCHOOL DISTRICT
and MARNIE HAZELTON, individually and in her
official capacity as Superintendent of the Roosevelt
Union Free School District,

                    Defendant.
------------------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF CROSS MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Law Offices of
**LOUIS D. STOBER, JR., LLC.**
**ATTORNEYS FOR PETITIONER**
**98 FRONT STREET**
**MINEOLA, N.Y. 11501**
**(516) 742-6546**